IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ZYNERBA PHARMACEUTICALS, INC. DERIVATIVE LITIGATION | Lead Case No. 1:20-cv-00557-CFC<br><br>EXHIBIT D |

# [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing, pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated May 12, 2021 (the "Preliminary Approval Order"), on the application of the Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated April 28, 2021 (the "Stipulation"). Due and adequate notice having been given to Current Zynerba Shareholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Derivative Action and the Shareholder Demand, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties and Current Zynerba Shareholders, and hereby finally approves the Settlement in all respects and orders the Parties to perform its terms to the extent the Parties have not already done so.

1

4. The Derivative Matters, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, Zynerba, Plaintiffs, and each Current Zynerba Shareholder shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons. Zynerba, Plaintiffs, and each Current Zynerba Shareholder shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

6. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs and their beneficiaries, Plaintiffs' Counsel, Zynerba, and any Current Zynerba Shareholders (solely in their capacity as Zynerba shareholders) from Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiffs or their beneficiaries, Plaintiffs' Counsel, or Zynerba, or any Current Zynerba Shareholder (solely in their capacity as Zynerba shareholders) with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against

all of Plaintiffs and their beneficiaries, Plaintiffs' Counsel, Zynerba, and all Current Zynerba Shareholder. Nothing in the foregoing shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

7. The Court finds that the notice to Current Zynerba Shareholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8. The Court finds that during the course of the Derivative Matters, the Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

9. The Court finds that the Fee and Expense Amount in the amount of $329,375 ($~~___~~) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Amount.

10. The Court finds that the Service Awards to each of the three Plaintiffs in the amount of one thousand five hundred dollars ($1,500.00) are fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, to be paid from the Fee and Expense Amount by Plaintiffs' Counsel.

11. This Judgment, the fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Matters

or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Matters or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, breach of duty, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

12. This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement. However, the Released Persons and Zynerba may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that has been brought or may be brought against them to effectuate the liability protections granted to them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, mootness, lack of proper

purpose, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

13. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: 7.15.21

_____
HONORABLE COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE